Joseph E. Shickich, Jr., WSBA #8751
Maria A. Milano, WSBA #29499
Riddell William P.S.
1001 – 4th Avenue, Suite 4500
Seattle, WA 98154
PH (206) 624-3600
FAX (206) 389-1708
jshickich@riddellwilliams.com
mmilano@riddellwilliams.com
Attorneys for Hilco Merchant Resources, LLC

Honorable Paul B. Snyder
FILED ✓Chapter 11
LODGED _____
RECEIVED _____

APR 29 2010

MARK L. HATCHER
CLERK U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
_____ DEPUTY

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

In re

LIQUIDATION OUTLET, INC.,

Debtor.

Case No. 10-42279-PBS

**ORDER AUTHORIZING (i) SALE, AT AUCTION, OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS; (ii) THE ASSET PURCHASE AGREEMENT; (iii) THE AGENCY AGREEMENT; (iv) BIDDING, NOTICE AND SALE PROCEDURES; AND (v) ADDITIONAL RELIEF**

THIS MATTER having come before the Court upon motion (the "**Sale Motion**")[1] filed by the above-captioned debtor and debtor-in-possession (the "**Debtor**") on March 25, 2010 in this case for entry of an order (A) approving the sale, at auction (the "**Sale**"), of substantially all of Debtor's assets (the "**Acquired Assets**") free and clear of all liens, claims, encumbrances, and other interests pursuant to sections 105 and 363(b), (f), and (m) and 365 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") to Hilco Merchant Resources, LLC ("**Purchaser**") pursuant to the Asset Purchase

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion.

ORDER AUTHORIZING (I) SALE, AT AUCTION - (No. 10-42279-PBS) - 1

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Agreement dated April 28, 2010 by and between Debtor and Purchaser, a copy of which is attached hereto as Exhibit A (the "**APA**"); (B) authorizing Debtor to close certain store locations pursuant to the terms of the APA and the Agency Agreement, a copy of which is attached hereto as Exhibit B (the "**Agency Agreement**"), and (C) granting related relief; and the Court having considered the Sale Motion, the Declaration of .Gary Woodring in support of Debtor's first day motions and orders, the exhibits attached thereto ("**Woodring Declaration**") and the APA and Agency Agreement, and having conducted a hearing on April 8, 2010 (the "**Bid Procedures Hearing**"), and having conducted a hearing on April 29, 2010 on this Sale Order (the "**Sale Hearing**", and together with the Bid Procedures Hearing, the "**Hearings**"); and in accordance with Rules 2002, 4001(b), (c), and (d), and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), due and proper notice of the Sale Motion and the Sale Hearing having been given; and it appearing that approval of the Sale Motion is necessary to avoid immediate and irreparable harm to Debtor and otherwise is fair and reasonable and in the best interests of Debtor, its creditors, its estate and its equity holders, and is essential for the continued operation of Debtor's businesses; and all objections, if any, to the entry of this Sale Order having been withdrawn, resolved or overruled by the Court; and after due deliberation and consideration, and for good and sufficient cause appearing therefore:

**BASED UPON THE RECORD ESTABLISHED AT THE SALE HEARING BY DEBTOR, THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A. **Petition Date.** On March 25, 2010 (the "Petition Date"), Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Washington in Tacoma (the "Bankruptcy

ORDER AUTHORIZING (I) SALE, AT AUCTION - (No. 10-42279-PBS) - 2

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Case 10-42279-PBS    Doc 156    Filed 04/29/10    Entered 04/29/10 13:54:46    Page 2 of 16

Case"). Debtor has continued in the management and operation of its business and property as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

B. **Jurisdiction and Venue.** This Court has jurisdiction over these proceedings, pursuant to 28 U.S.C. §§ 157(b) and 1334, and over the persons and property affected hereby. Consideration of the Sale Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Venue for the Bankruptcy Case and proceedings on the Sale Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

C. An official committee of unsecured creditors has been appointed in the Bankruptcy Case and is represented by counsel.

D. Debtor and LOI Capital, LLC (the "**DIP Lender**") are parties to a certain Debtor-in-Possession Credit and Security Agreement ("**DIP Loan Agreement**") which is being heard simultaneously with the Sale Motion, pursuant to which the DIP Lender, has agreed to make advances to Debtor in an aggregate amount not to exceed $2,000,000. Further, the DIP Lender made a loan to the Debtor in the principal amount of $150,000 prior to the filing of this Bankruptcy Case (the "**Purchase Prepetition Loan**"), which loan was secured by a second priority lien on all or substantially all of the assets of the Debtor, subject to the first priority lien and security interest in such assets in favor of U.S. Bank. As further provided in the motion filed by the Debtor for approval of the DIP Loan Agreement and the financing thereunder, it is contemplated that funds made available to the Debtor under the DIP Loan Agreement were used, in part, to repay in full the outstanding pre-petition amounts owed to U.S. Bank and the DIP Lender.

ORDER AUTHORIZING (I) SALE, AT AUCTION - (No. 10-42279-PBS) - 3

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Case 10-42279-PBS    Doc 156    Filed 04/29/10    Entered 04/29/10 13:54:46    Page 3 of 16

E. The sale of Debtor's assets to Purchaser pursuant to the terms of the APA is in the best interests of Debtor, its estate, its creditors, and other parties in interest.

F. It is a condition of the Purchaser's willingness to consummate the transactions contemplated by the APA, that Purchaser may, pursuant to the APA, from time to time designate the APA and the Agency Agreement; and consequently, the closure of such locations as provided in the APA and the Agency Agreement is in the best interests of Debtor, its estate, its creditors, and other parties in interest.

G. Debtor has advanced sound business reasons for seeking to enter into the APA and the Agency Agreement, as set forth in the Sale Motion and at the Sale Hearing, and entering into the APA and the Agency Agreement is a reasonable exercise of Debtor's business judgment and in the best interests of Debtor and its estate.

H. If applicable, the conduct of the Store Closing Sales (as defined in the APA) pursuant to the Agency Agreement will provide an efficient means for Debtor to dispose of the Liquidation Merchandise located in the Designated Liquidation Locations (as such terms are defined in the APA).

I. Debtor has undertaken significant marketing of the Acquired Assets. The APA is a direct result of the marketing efforts of Debtor and represents the highest and best offer for the Acquired Assets. Purchaser has acted in "good faith" within the meaning of Bankruptcy Code section 363(m). Purchaser is not an insider of Debtor as that term is defined in Bankruptcy Code section 363(n). Neither Debtor nor Purchaser has engaged in any conduct that would cause or permit the Agency Agreement to be avoided pursuant to Bankruptcy Code section 363(n). Purchaser has disclosed that Purchaser is a secured creditor of the

ORDER AUTHORIZING (I) SALE, AT AUCTION - (No. 10-42279-PBS) - 4

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Case 10-42279-PBS   Doc 156   Filed 04/29/10   Entered 04/29/10 13:54:46   Page 4 of 16

Debtor, pursuant to the Purchaser Prepetition Loan, and that Purchaser intends to provide debtor in possession financing to the Debtor pursuant to the DIP Loan Agreement, subject to approval of the Bankruptcy Court.

J. The APA and the Agency Agreement were negotiated, proposed, and entered into by Purchaser and Debtor without collusion, in good faith, from arm's length bargaining positions.

K. The entry of this Order is in the best interest of Debtor and its estate, creditors, and interest holders and all other parties in interest herein.

Based on the foregoing, an upon the record made before this Court at the Hearing to approve the Sale that is subject of this Order, and good and sufficient cause appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. The Sale Motion is granted in its entirety subject to the terms and conditions set forth in the APA and Agency Agreement attached hereto as Exhibit A and Exhibit B, respectively;

**Sale of the Acquired Assets**

2. The relief requested in the Sale Motion is GRANTED with respect to the Sale of the Acquired Assets, to Purchaser, as set forth herein and in the APA.

3. All objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived or settled (either by the terms of this Order, announced to the Court at the Sale Hearing and/or by stipulation filed with the Court), and all reservations of rights included in such objections are hereby overruled and denied on the merits to the extent such objections or reservations have not been otherwise explicitly satisfied, reserved or adequately provided for in this Order.

ORDER AUTHORIZING (I) SALE, AT AUCTION - (No. 10-42279-PBS) - 5

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Case 10-42279-PBS   Doc 156   Filed 04/29/10   Entered 04/29/10 13:54:46   Page 5 of 16

4.  The APA is hereby approved in all respects, and shall be deemed in full force and effect, binding and benefiting Debtor and Purchaser.

5.  Debtor and Purchaser are authorized, empowered and directed, pursuant to sections 105, 363 and 365 of the Bankruptcy Code, to execute and deliver the APA and the other agreements contemplated thereby (including the Agency Agreement), and to implement and consummate all of the transactions and perform all obligations contemplated by the APA, including without limitation, (i) to sell and transfer the Acquired Assets to Purchaser on the terms of the APA, for the Purchase Price (as defined in the APA) and other consideration set forth therein, and determined in accordance with the APA, (ii) to permit Purchaser from time to time to designate for closure any or all of the Debtor's retail store and distribution center locations pursuant to the terms of the APA and the Agency Agreement, and (iii) to permit Purchaser to cause Debtor to assume and assign any or all of Debtor's Real Property Leases and Executory Contracts (as such terms are defined in the APA) to Purchaser or Purchaser's designee(s).

6.  Debtor, Purchaser, and all other necessary parties are hereby authorized and directed to take all such actions and execute any agreements that shall be necessary to consummate and give effect to the APA without further order of the Court.

7.  Upon the Closing, and payment of the Initial Cash Payment (as defined in the APA), Purchaser shall take title to and possession of the Acquired Assets free and clear of all liens, claims and interests (subject to Purchaser's obligation to make the Remaining Cash Payment to the Debtor (as defined in the APA). Pursuant to section 363(f) of the Bankruptcy Code and the APA, the transfer of title to the Acquired Assets shall be free and clear of any lien, claim or interest in or against the Acquired Assets. All interests shall attach solely to the

ORDER AUTHORIZING (I) SALE, AT AUCTION - (No. 10-42279-PBS) - 6

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Case 10-42279-PBS    Doc 156    Filed 04/29/10    Entered 04/29/10 13:54:46    Page 6 of 16

Purchase Price payable to Purchaser, with the same extent, validity, priority and perfection as they attached to the Acquired Assets immediately prior to the Closing.

8. This Order shall be binding in all respects upon Debtor, its estate, all creditors of, and holders of equity interests in, Debtor (whether known or unknown), any holders of interests in the Acquired Assets, Purchaser, all successors and assigns of Purchaser, the Acquired Assets and any trustees, if any, subsequently appointed in Debtor's chapter 11 case or a chapter 7 case. This Order and the APA shall inure to the benefit of Debtor, its estate, its creditors, and Purchaser, and their respective successors and assigns.

9. All entities that are in possession of some or all of the Acquired Assets on the Closing Date are directed to surrender possession of such Acquired Assets to Purchaser or its assignee at the Closing.

10. Except as otherwise expressly provided for in this Order or the APA or Agency Agreement, Purchaser shall not have any liability or responsibility for any liability or other obligation of Debtor, including without limitation, arising under or related to the Acquired Assets, for any period of time prior to the Closing Date. Without limiting the generality of the foregoing, and except for Assumed Liabilities (as defined in the APA) and as otherwise specifically provided herein or in the APA or the Agency Agreement, Purchaser shall not be liable for any claims against Debtor or any of its predecessors or affiliates, whether known or unknown as of the Closing, now existing or hereafter arising, whether fixed or contingent, with respect to Debtor or any obligations of Debtor arising prior to the Closing, whether relating to or arising out of the Acquired Assets or otherwise.

11. To the extent the Purchaser designates a lease for assumption for which the Debtor and the non-debtor party to the lease do not agree with respect to the Cure Amount, the matter will be resolved as part of the Debtor's motion to assume and assign the lease under Bankruptcy Code § 365.

12. [Intentionally Blank]

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

13. Debtor's decision to assume and assign Executory Contracts is subject to Court approval and consummation of the Sale. Absent consummation of the Sale, each of the Executory Contracts scheduled to be assumed and assigned as part of the sale shall neither be deemed assumed nor assigned and shall in all respects be subject to further administration under the Bankruptcy Code.

14. Except to the extent a Successful Bidder/assignee agrees otherwise, and subject to satisfaction of any Cure Amount, the Successful Bidder/assignee of any assumed lease or contract will not be subject to any liability to the non-debtor counterparty to such lease or contract that accrued or arose before the closing date of the Sale, and the Debtors shall be relieved of any liability accruing or arising thereafter.

15. To the extent notice of the Sales Motion was received, pursuant to sections 105 and 363 of the Bankruptcy Code, any and all creditors of Debtor shall be barred and estopped from taking any action of any kind against Purchaser or the Acquired Assets on account of any claim against Debtor, or any Acquired Asset arising prior to the Closing Date under the APA.

16. Purchaser is not a successor to Debtor or its estate by reason of any theory of law or equity and Purchaser shall not assume or in any way be responsible for any liability or obligation of Debtor and/or its estate, except as otherwise expressly provided in the APA, the Agency Agreement and related documents.

17. Purchaser is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

The Sale approved by this Order is not subject to avoidance pursuant to section 363(n) of the Bankruptcy Code.

18. Notwithstanding Bankruptcy Rules 7062, 9014, 6004(h) and 6006(d), this Order shall be effective immediately upon entry and Debtor is authorized to close the Sale immediately upon entry of this Order.

19. The automatic stay provisions of section 362 of the Bankruptcy Code are vacated and modified to the extent necessary to implement the terms and provisions of the APA and the provisions of this Order.

20. No bulk sales law or any similar law of any state or other jurisdictions shall apply in any way to the Sale.

21. The failure specifically to include any particular provision of the APA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the APA be authorized and approved in its entirety.

22. To the extent that any provisions of this Order shall be inconsistent with the provisions in the APA, any prior order, or any pleading with respect to the motions in this case, the terms of this Order shall control.

23. Notice of the Sale Hearing and the emergency relief requested in the Sale Motion has been provided by Debtor, whether by telecopy, email, overnight courier or hand delivery, to certain parties in interest, including: (i) the Office of the United States Trustee, (ii) the Internal Revenue Service, (iii) Debtor's twenty (20) largest unsecured creditors, (iv) counsel to Debtor, (v) counsel to the DIP Lender, and (vi) US Bank National Association. Under the circumstances, such notice of the Sale Hearing and the relief requested in the Sale Motion is due and sufficient notice and complies with

ORDER AUTHORIZING (I) SALE, AT AUCTION - (No. 10-42279-PBS) - 9

Riddell Williams P S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Case 10-42279-PBS    Doc 156    Filed 04/29/10    Entered 04/29/10 13:54:46    Page 9 of 16

sections 102(1), 364(c) and 364(d) of the Bankruptcy Code and Bankruptcy Rules 2002 and 4001(c).

**Store Closing Sales and the Agency Agreement.**

24. Subject to the restrictions set forth in this Order, Debtor and Purchaser hereby are authorized to take any and all actions as may be necessary or desirable to implement the Agency Agreement; and each of the transactions contemplated by the Agency Agreement, and any actions taken by Debtor and Purchaser necessary or desirable to implement the Agency Agreement prior to the date of this Order, hereby are approved and ratified.

25. This Order and the Agency Agreement shall inure to the benefit of Debtor, its estate, its creditors, and Purchaser, and their respective successors and assigns.

26. Debtor and its officers, employees, and agents hereby are authorized to execute such documents as are necessary or desirable to carry out the Store Closing Sales (as defined in the APA) and related actions authorized herein, including (without limitation), executing the Agency Agreement, performing the obligations thereunder, and consummating the transactions contemplated thereby.

27. To the extent that any of Debtor's retail store and distribution center locations are designated by Purchaser as a Designated Liquidation Location, Purchaser hereby is authorized to sell all Merchandise located at such Designated Liquidation Location(s) free and clear of all liens, claims and encumbrances thereon (collectively, "Liens"), with any presently existing Liens encumbering all or any portion of the Merchandise or the

ORDER AUTHORIZING (I) SALE, AT AUCTION - (No. 10-42279-PBS) - 10

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Proceeds (if any) attaching only to the Purchase Price payable under the APA and other amounts to be received by Debtor the Agency Agreement.

28. Subject to Purchaser's obligations to pay Expenses pursuant to Section 4.1 of the Agency Agreement, Purchaser hereby is authorized to use the Closing Locations (as defined in the Agency Agreement) and all related store services, furniture, fixtures, equipment and other assets of Debtor as designated under the Agency Agreement for the purpose of conducting the Store Closing Sales, free of any interference from any entity or person.

29. Provided that the Store Closing Sales are conducted in accordance with the terms of this Order and the Agency Agreement, the Debtors, their landlords and Purchaser are presumed to be in compliance with the requirements of any applicable "going out of business," "store closing," similar inventory liquidation sales, bulk sale laws or any other laws that purport to regulate, prohibit, restrict, or in any way limit Agent's use, in conformity with the Sale Guidelines, of (i) signwalkers; (ii) interior store signage and banners; and (ii exterior banners (each a "**GOB Law**," and together, the "**GOB Laws**"). To the extent there is a dispute arising from or relating to the Store Closing Sales, this Order and the Agency Agreement, (each a "**Reserved Dispute**"), which dispute relates to any GOB Law, this Court shall retain exclusive jurisdiction to hear and determine all such Reserved Disputes.

30. All newspapers and other advertising media in which a Store Closing Sale is advertised shall be directed to accept the this Order as binding and to allow Debtor and Purchaser to consummate the transactions provided for in the Agency Agreement, including, without limitation, the conducting and

ORDER AUTHORIZING (I) SALE, AT AUCTION - (No. 10-42279-PBS) - 11

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Case 10-42279-PBS    Doc 156    Filed 04/29/10    Entered 04/29/10 13:54:46    Page 11 of 16

advertising of the Store Closing Sales in the manner contemplated by the Agency Agreement.

31. All utilities, landlords, creditors and all persons acting for or on their behalf shall not interfere with or otherwise impede the conduct of the Store Closing Sales, institute any action in any court (other than in the Bankruptcy Court) or before any administrative body which in any way directly or indirectly interferes with or obstructs or impedes the conduct of any Store Closing Sales.

32. The Bankruptcy Court shall retain jurisdiction over the parties to enforce the Agency Agreement.

33. Purchaser shall not be liable for any claims against Debtor other than as expressly provided for in the APA and the Agency Agreement, and Purchaser shall have no successorship liabilities whatsoever.

34. Purchaser hereby is authorized, in its discretion and at its sole cost and expense, continue to supply the Designated Liquidation Locations throughout the Sale Term (as defined in the Agency Agreement) with "direct store inventory", including, without limitation, dairy products, bakery products and produce, as provided in the Agency Agreement.

35. Purchaser shall have, subject to Purchaser's obligation to pay the Purchase Price and Purchaser's obligations to pay the Expenses, a valid, duly perfected first priority Lien in the Merchandise, DSD Merchandise, FF&E and any Proceeds (as such terms are defined in the Agency Agreement) to which Purchaser is entitled in accordance with the terms of the Agency Agreement.

36. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the transactions authorized herein, and Purchaser

ORDER AUTHORIZING (I) SALE, AT AUCTION - (No. 10-42279-PBS) - 12

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Case 10-42279-PBS    Doc 156    Filed 04/29/10    Entered 04/29/10 13:54:46    Page 12 of 16

shall expressly be authorized to sell Merchandise through bulk sales in accordance with the Agency Agreement.

37. Consistent with Bankruptcy Code section 363(m), the Agency Agreement was negotiated at arm's length, and entered into in good faith by the respective parties, and thus Purchaser is entitled to the benefits and protections provided by Bankruptcy Code section 363(m).

38. The consideration provided by Purchaser should be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and applicable non-bankruptcy law, and may not be avoided pursuant to Bankruptcy Code section 363(n).

39. Consistent with the terms of the Agency Agreement, Purchaser shall not be liable for sales taxes, and Debtor shall be responsible for complying with sales tax obligations, but Purchaser is responsible for providing truthful and accurate information to Debtor to complete the tax returns

40. Except as set forth expressly herein and in the APA, nothing contained in this Order shall alter or affect Debtor's obligations under any unexpired lease of nonresidential real property, pursuant to Bankruptcy Code section 365(d)(3). The assumption or rejection of a lease for a Closing Location shall be accomplished by a motion other than the Sale Motion granted hereby.

41. Except as expressly provided in paragraph 23 above, nothing in this Order shall be deemed to constitute a ruling on whether any applicable nonbankruptcy state law, regulation, or rule applicable to the Store Closing Sales is preempted by the Bankruptcy Code, nor as to whether the automatic stay applies to any actions by a Governmental Unit and such issues may be litigated by any party.

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

42. Subject to Purchaser's election to designate any of Debtor's retail store and distribution center locations as Designated Liquidation Locations (as defined in the APA), Debtor is authorized, pursuant to Bankruptcy Code sections 363(b) (1) and (f), and subject to the limitations set forth in the APA, including, but not limited to, those set forth in Section 2.7 of the APA, to immediately begin to sell the Merchandise and FF&E located at such Designated Liquidation Locations through the Store Closing Sales.

43. Store Closing Sales are approved, subject to the terms and conditions of this Order and the APA and Agency Agreement. The Purchaser shall conduct the Store Closing Sales pursuant to the Sale Guidelines attached to the Agency Agreement as Exhibit 8.1 (the "**Sale Guidelines**"), which Sale Guidelines are hereby ratified and approved. Notwithstanding the foregoing, any additional terms contained in side letters between Purchaser and landlords to resolve objections shall control over the Sale Guidelines.

44. All sales of Merchandise pursuant to the Store Closing Sales whether by Purchaser or Debtor shall be free and clear of any and all liens, claims, and encumbrances; provided, however, that any such liens, claims, and encumbrances shall attach to the Purchase Price payable under the APA, with the same validity, in the amount, with the same priority as, and to the same extent that any such liens, claims, and encumbrances have with respect to the Merchandise, subject to any claims and defenses that Debtor may possess with respect thereto.

45. As provided in the Agency Agreement, Purchaser is authorized to elect to pay retention bonuses as set forth in the Agency Agreement to certain store level Retained Employees (as defined in the Agency

ORDER AUTHORIZING (I) SALE, AT AUCTION - (No. 10-42279-PBS) - 14

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Case 10-42279-PBS    Doc 156    Filed 04/29/10    Entered 04/29/10 13:54:46    Page 14 of 16

Agreement) that have not voluntarily terminated employment nor been terminated for cause.

46. Debtor is authorized to discontinue operations at the Closing Locations in accordance with this Order and the Agency Agreement.

47. Debtor and Purchaser are authorized and empowered to conduct the Store Closing Sales at the Closing Locations in accordance with the provisions of this Order, the APA and the Agency Agreement, and to take all actions reasonably related thereto or arising in connection therewith, including (without limitation) advertising the Store Closing Sales in accordance with the Agency Agreement and the Sale Guidelines.

48. Neither Debtor nor Purchaser nor any of their officers, employees, or agents shall be required to obtain the approval of any landlord or any other third parties to conduct the Store Closing Sales and to take the related actions authorized herein, and the Store Closing Sales are authorized at any Closing Location notwithstanding terms of the lease or other occupancy agreement to which the Debtor is a party governing such Closing Location.

49. Post-petition rent and other lease expenses shall be paid pursuant to the Final DIP Order.

50. The Court has and will retain jurisdiction to enforce this Sale Order according to its terms.

51. Notwithstanding Bankruptcy Rule 6004(g), this Order shall take effect immediately upon its entry.

DATED this 29th day of April, 2010.

ORDER AUTHORIZING (I) SALE, AT AUCTION - (No. 10-42279-PBS) - 15

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Case 10-42279-PBS    Doc 156    Filed 04/29/10    Entered 04/29/10 13:54:46    Page 15 of 16

```
                                    [signature]
                        _____
                        HONORABLE PAUL B. SNYDER
                        United States Bankruptcy Judge
```

PRESENTED BY:

BRIAN L. BUDSBERG, P.L.L.C.

By /s/ Brian L. Budsberg
Brian L. Budsberg, WSBA #11225
Attorneys for Liquidation Outlet, Inc.

RIDDELL WILLIAMS P.S.

By _____
Joseph E. Shickich, Jr., WSBA #8751
Maria Ann Milano, WSBA #29499
Attorneys for Hilco Merchant Resources, LLC
1001 - 4th Avenue, Suite 4500
Seattle WA 98154
Telephone: (206) 624-3600
Facsimile: (206) 389-1708
jshickich@riddellwilliams.com
mmilano@riddellwilliams.com

4838-2535-9878.03
042810/2347/64325.00001

ORDER AUTHORIZING (I) SALE, AT AUCTION - (No. 10-42279-PBS) - 16

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Case 10-42279-PBS    Doc 156    Filed 04/29/10    Entered 04/29/10 13:54:46    Page 16 of 16